IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT IMAGING SYSTEMS, INC.            /
    A Florida Corporation            /
                               /     Case No. 8:14-cv-3057-CEH-MAP
    Plaintiff,            /
                               /
v.            /
                               /
HIRSCH INTERNATIONAL CORP.,            /
                               /
and            /
                               /
GRAPHIC ARTS ACQUISITION CORP.            /
                               /
                               /
    Defendant.            /
_____/

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AND
MEMORANDUM OF LAW IN SUPPORT**

       Pursuant to M.D. Fla. L.R. 3.01 Plaintiff, Direct Imaging Systems, Inc. ("DIS"), hereby

opposes Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. 9].  In support of this

opposition, DIS states as follows.


**I.**       **INTRODUCTION.**

       DIS filed its three Count Complaint against Defendants Hirsch International Corp. and

Graphic Arts Acquisition Corp. (collectively "Hirsch") on December 8, 2014. In Count I, DIS

alleges that Hirsch is directly infringing U.S. 6,095,628 (hereinafter "628 Patent") via sales of

the Kornit Breeze brand of direct to garment printers. *See* Complaint at ¶35 [Dkt. 1].  The other

counts relate to *Direct Imaging Systems, Inc. v. U.S. Graphic Arts, Inc.* (Case No. 8:05-cv-

02224), which was a prior litigation before this Court ("Prior Litigation").  The Prior Litigation

concerned the infringement of the '628 Patent by U.S. Graphic Arts, Inc. (USGA). Specifically, the Court in the Prior Litigation determined that USGA infringed the '628 Patent via sales of the Fast T-Jet and Fast T-Jet Jumbo line of direct to garment printers.  Hirsch acquired an 80% interest in USGA during the pendency of the Prior Litigation.  Hirsch also acquired various assets of USGA that were subsequently sold at an auction. *See id.* at ¶29.  These assets included both T-Jet printers as well as their components. *See id.* The Prior Litigation concluded with a default judgment being entered against USGA. *See id.* at Ex. C [Dkt. 1].  In accordance with the default judgment, the Fast T-Jet and the Fast T-Jet Jumbo were held to infringe the '628 Patent and damages in the amount of $3,021,929 were awarded to DIS.  *See id.*

Count II of the present Complaint concerns the sale of the T-Jet components by Hirsch. *See id.* at ¶¶44-45.  DIS alleges that the sale of these components was for the purpose of reconstructing or assembling entirely new T-Jet Printers. *See id.* at ¶29.  Consequently, Count II states a cause of action for indirect infringement against Hirsch and its subsidiary company Graphic Arts Acquisition Corp.  Count III seeks to enforce the default judgment against Hirsch under a theory of successor liability.  *See id.* at ¶53-55.  By way of the present motion, Hirsch seeks a dismissal of Counts II and III under Fed. R. Civ. P. 12(b)(6).

### A.    Rule 12(b)(6) Standard.

Fed. R. Civ. P. 8 does not require "detailed factual allegations . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted)). "To survive a motion to dismiss, a complaint must . . . 'state a claim to relief that is plausible on its face.'" *Id.* (*citing Twombly*, 550 U.S. at 570) (emphasis added). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing*

*Twombly*, 550 U.S. at 556). "[A] court must take [factual] allegations as true, no matter how skeptical the court may be." *Id.* at 696 (*citing Twombly*, 550 U.S. at 555). Furthermore, a court may draw on its "judicial experience and common sense" when determining whether a complaint states a plausible claim. *Id.* at 679 (internal citation omitted). Ultimately, the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the ….claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*citing Conley v. Gibson*, 355 U.S. 41 (1957)). When assessing whether a plausible claim for relief is present, this Court must "draw[] all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Theater v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

## II.   DIS ADEQUATELY STATES A CAUSE OF ACTION FOR INDIRECT PATENT INFRINGEMENT.

Hirsch seeks to dismiss Count II of DIS' Complaint for failure to state a claim.  Count II alleges that Hirsch contributed to-- or in the alternative-- induced infringement of the '628 Patent. The allegations in the Complaint are more than adequate to give Hirsch "fair notice" of its claims of indirect infringement.

Section 271(b) states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To prevail on a claim, the patentee must show there has been direct infringement, that the alleged infringer knowingly induced the infringement and possessed specific intent to encourage another's infringement, and that the induced acts constitute

infringement. *See Ecolab v. Int'l Chemical Corp.*, 2011 WL 10702806, *2 (M.D. Fla.).[1]   A claim of contributory infringement similarly requires proving an act of direct infringement, that the defendant sold components that were especially designed for use in a patented invention, and that the components were not staple articles of commerce. *See id.* at *3.

DIS makes the following allegations in support of its claims:

- Third party USGA was previously charged with infringing the '628 Patent in the Prior Litigation. *See* Complaint at ¶12.

- The infringement by USGA concerned sales of the Fast T-Jet Standard and Fast T-Jet Jumbo direct to garment printers. *See id.*

- During the pendency of the Prior Litigation, Hirsch acquired an 80% interest in USGA. *See id.* at ¶21.

- The Court in the Prior Litigation ultimately concluded that the Fast T-Jet Standard and the Fast T-Jet Jumbo did, in fact, infringe the '628 Patent. *See id.* at ¶17.

- Hirsch, either itself or via a subsidiary, sold components of the Fast T-Jet Standard and Fast T-Jet Jumbo at an auction. *See id.* at ¶29.

- The T-Jet components were used "to reconstruct and assemble entirely new Fast T-Jet Standard and Fast T-Jet Jumbo direct to garment printers." *See id.*

These allegations support claims of contributory infringement and inducement to infringe under 35 U.S.C. §271.  Specifically, the direct infringement was carried out by those individuals who actually purchased the components at the auction and used them to reconstruct T-Jet printers. Moreover, to the extent it is even necessary for a claim of indirect infringement, Hirsch is charged knowledge of the '628 Patent via its acquisition of USGA during the pendency of the Prior Litigation.  Inducement is also established from the fact that the auctioned parts were not

---

[1] There is some disagreement on the standard applicable to claims of indirect infringement.  Some courts have determined that claims of indirect infringement survive provided they mirror the sample patent infringement complaint set forth in Fed. R. Civ. P. Form 18. *See Ecolab v. Int'l Chemical Corp.*, 2011 WL 10702806, *2 (M.D. Fla.). Other courts have concluded that a heightened pleading standard is required following *Twombly* and *Iqbal*. DIS'claims survive regardless of what standards are employed.

just miscellaneous components. As alleged, the parts came from T-Jet printers that had been acquired from USGA. These are the same printers that were ultimately judged to be infringing the '628 Patent. The allegation that Hirsch sold components "associated" with these T-Jet printers establishes that these were not merely staple articles of commerce. DIS also alleges that the components were used not just for reconstruction, but to fully assemble *entirely new* Fast T-Jet and Fast T-Jet Jumbo printers. Obviously, these were not staple articles of commerce if they permitted end users to construct completely new T-Jet printers. The only purpose of the T-Jet components sold by Hirsch was to reconstruct or fully assemble infringing T-Jet printers.

For these reasons, DIS has adequately pled a cause of action for indirect infringement under 35 U.S.C. §271. Hirsch's Motion to Dismiss must therefore be denied.

## III.     DIS STATES A CAUSE OF ACTION FOR SUCCESSOR LIABILITY.

Hirsch seeks to dismiss Count III of DIS' Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Count III seeks to enforce the judgment in the Prior Litigation against Hirsch. The totality of the factual allegations in the Complaint are adequate to give Hirsch "fair notice" of DIS' successor liability claim.

Hirsch alleges that "[t]o state a claim of successor liability, a plaintiff *must* plead as a threshold matter that the defendant acquired the assets of the predecessor company." *See* Motion to Dismiss at Pg. 15 [Dkt. 9] (emphasis added). The cases cited by Hirsch, however, contain no such holding. Virtually all of the cases Hirsch cites relate to jury verdicts or rulings on summary judgment motions. Obviously, in such cases the parties were permitted to take discovery on the nature of the transaction between the parties, whether assets were indeed transferred, the amount and nature of the transferred assets, and the compensation paid. *See Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231 (11th Cir. 2005)(appeal from an order granting summary judgment);

--5--

*Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451 (11th Cir. 1985)(appeal from jury verdict in favor of creditor); *Mason v. E. Speer & Associates, Inc.*, 846 So. 2d 529 (Fla. Dist. Ct. App. 2003)(appeal following trial); *Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 F. App'x 837 (11th Cir. 2008)(appeal following jury verdict).

The lone case cited by Hirsch under Fed. R. Civ. P. 12(b)(6) is *Spring Real Estate, LLC v. Echo/RT Holdings, LLC*, No. CIV.A. 7994-VCN, 2013 WL 6916277, at *4 (Del. Ch. Dec. 31, 2013). However that case turned on the "unambiguous" terms of the Purchase Agreement between the parties. "In light of the unambiguous terms of the Purchase Agreement, the Court concludes that Echo/RT did not assume, and thus RayTrans retained, liability for any legal claim arising out of the conduct…" *Id.*  In the present case, if the purchase agreement contained such unambiguous terms, one would have expected Hirsch to have relied upon it in its motion. As Hirsch has not cited to any purchase agreements, the holding of *Echo/RT* is inapplicable.

The Court of Appeals for the Federal Circuit considered successor liability in the context of a patent case in *Funai Electric Co. v. Daewoo Electronics Corp.*, 616 F.3d 1357, 1380 (Fed. Cir. 2010). It looked to four factors for successor liability under mere continuation or *de facto* merger. These were: i) continuity of management and general business operations; ii) cessation of ordinary business and dissolution of the predecessor company; iii) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business; and iv) continuity of ownership/sharesholders. *See id.* at 1381. Notably, however, these factors were not viewed as the elements necessary to state a cause of action under Fed. R. Civ. P. 12(b)(6). To the contrary, the Federal Circuit specifically held that:

> Not all of these factors need to be present in order for the successor to assume the liabilities of the predecessor. . . [t]he most relevant factor is the degree to which the predecessor's business entity remains intact.  The more a corporation physically resembles its predecessor. . .the more reasonable it is to hold the

successor fully responsible." *See id.* (*quoting Wilson v. Fare Well Corp.*, 140 N.J. Sper. 476 (1976).[2]

Ultimately, the cases cite a variety of factors for ultimately proving successor liability under theories of mere continuation or *de facto* merger. None of the cases, however, state that these factors are elements necessary for pleading a cause of action. To the contrary, as noted in *Funai*, the factors are treated as guidelines. Ultimately, the issue is whether Hirsch has been given "fair notice of what the ....claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

Moreover, even if a cause of action for successor liability requires an allegation that assets were transferred, DIS' complaint is more than sufficient. Namely, the Complaint states that Hirsch, itself or via a subsidiary, sold certain assets of USGA at an auction. *See* Complaint at ¶¶28. It goes without saying that in order for Hirsch to sell USGA's assets, it must have acquired those assets in the first place. Hirsch also appears to concede in a footnote that it attempted to secure the assets of USGA as part of a foreclosure. Hirsch alleges that an unidentified third party "absconded" with the assets and, as such, it never acquired them. *See* Complaint at fn. 6 [Dkt. 9.] Such extraneous factual allegations have no place in a motion to dismiss. At this stage "a court must take [factual] allegations as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If Hirsch wishes to delve into the details of this absconding third party, it may do so in a summary judgment motion after the parties have had an opportunity to take discovery. Until then, the allegations in the Complaint must be taken as true.

The Complaint offers the following additional facts in support of Count III.

- As a result of the Prior Litigation, a judgment was entered against USGA holding that it infringed the '628 Patent via its sales of the Fast T-Jet Standard and the Fast T-Jet Jumbo direct to garment printers. *See* Complaint at ¶21.

---

[2] Although the Federal Circuit was applying New Jersey law in *Funai*, the same principles apply regardless of whether Florida, Delaware, or Arizona law is determined to govern.

- The judgment enjoined USGA, and its agents and subsidiaries, from further infringement of the '628 Patent or from acts of contributory infringement or inducement to infringe. *See id.* at Ex. C.

- During the pendency of the Prior Litigation, Hirsch acquired an 80% interest in USGA. *See id.* at ¶21.

- During the pendency of the Prior Litigation, Hirsch acquired the assets of USGA. *See id.* at ¶28.[3]

- Following the acquisition, USGA's offices, employees, and day-to-day operations were maintained. *See id.* at ¶¶24-26.

- Following the acquisition by Hirsch, USGA ceased its business operations. *See id.* ¶28.

- Hirsch currently sells a line of direct to garment printers that operate in the same manner as the T-Jet Standard and the T-Jet Jumbo. *See id.* at ¶34.

Taken together these facts undoubtedly provide Hirsch with "fair notice" regarding the nature of DIS' successor liability claim and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, *555 (US 2007).

## IV.  IF NECESSARY DIS SHOULD BE GIVEN LEAVE TO AMEND.

As discussed above, DIS believes it has adequately given Hirsch "fair notice" of its claims for indirect patent infringement and successor liability.  However, to the extent that the Court disagrees, DIS respectfully seeks an opportunity to amend its complaint to correct any deficiencies in pleading. The Eleventh Circuit has stated that "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *See Barnett*

---

[3] Although the Complaint does not explicitly state that Hirsch acquired the assets of USGA, this is implied from the allegation that Hirsch subsequently sold the assets of USGA.

*v. Bailey*, 956 F.2d 1036, 1043 (*quoting Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985)).

## V.       CONCLUSION.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint should be denied.  In the alternative, Plaintiff should be given leave to amend the Complaint to correct any deficiencies.

Dated: June 29, 2015

Michael J. Colitz, III
Florida Bar No. 164348
GrayRobinson P.A
401 East Jackson Street, Suite 2700
Post Office Box 3324
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
michael.colitz@gray-robinson.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015 I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of Record.

Michael J. Colitz, III

\54101255\10 - # 5922982 v1

--9--