UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECT IMAGING SYSTEMS, INC.                    CASE NO. 8:14-cv-3057-CEH-MAP
a Florida corporation

      Plaintiff,

v.

HIRSCH INTERNATIONAL CORP., and
GRAPHIC ARTS ACQUISITION CORP.

      Defendants.

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | **September 23, 2015** |
| Certificate of Interested Persons and Corporate Disclosure Statement | **Completed** |
| Plaintiff's Disclosure of Preliminary Infringement Contentions | **October 5, 2015** |
| Motions to Add Parties or to Amend Pleadings | **October 5, 2015** |
| Defendant's Disclosure of Preliminary Invalidity Contentions | **November 2, 2015** |
| Parties to Exchange Proposed Terms For Construction | **November 23, 2015** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Parties to Exchange Agreed Claim Constructions, Chart of Intrinsic Evidence, and Identification of any Evidence including Expert or Other Witnesses | **December 21, 2015** |
| Claim Construction Briefs:      Plaintiff's Opening Brief:<br>Defendants' Responsive Brief: | **January 25, 2016**<br>**February 15, 2016** |
| Claim Construction Hearing                          Date:<br>Time: | **March 2016 – TBD**<br>**(based on Court's**<br>**docket/availability)** |
| Plaintiff's Disclosure of Final Infringement Contentions | **30 days after entry of Claim**<br>**Construction Order** |
| Defendant's Disclosure of Final Invalidity Contentions | **60 days after entry of Claim**<br>**Construction Order** |
| Disclosure of Expert Reports          Party With Burden:<br>Rebuttal: | **June 27, 2016**<br>**July 28, 2016** |
| Discovery Deadline | **August 29, 2016** |
| Dispositive Motions and *Daubert* Motions | **September 26, 2016** |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | **January 9, 2017** |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | **January 23, 2017** |
| All Other Motions Including Motions *In Limine* | **January 30, 2017** |
| Final Pretrial Conference | **February 13, 2017** |
| Trial Briefs | **February 20, 2017** |
| Trial Term Begins | **March 6, 2017** |
| Estimated Length of Trial [trial days] | **5-10 days** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Jury / Non-Jury | **Jury** |
| Mediation Deadline:<br><br>Mediator Name:<br><br>Mediator Address:<br><br><br><br><br>Telephone: | **November 4, 2015**<br><br>**Jay M. Cohen**<br><br>**P.O. Box 2210<br>Winter Park, Florida<br>32790-2210**<br><br>**(407) 644-1181** |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____<br>No   X<br>Likely to Agree in Future ___ |

## I. Meeting of Parties in Person

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] as well as an Order of this Court dated August 19, 2015 (Doc. 21), a meeting was held telephonically on August 25, 2015 at 2:00 pm and was attended by:

| Name | Counsel for |
|---|---|
| Michael J. Colitz, III | Plaintiff |
| Joseph J . Richetti | Defendants |
| Noah M. Weissman | Defendants |
| Taylor F. Ford | Defendants |

## II. Pre-Discovery Initial Disclosures of Core Information
### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these

---

[1] A copy of the Local Rules may be viewed at http:www.flmd.uscourts.gov

disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ___ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)_____ on _X_ by __September 23, 2015__.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III. Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed[2]:

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

---

[2]  See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

*In consideration of the above issues, the parties agree that ESI will be requested and produced in the course of discovery, including email. The parties will meet and confer in good faith to agree on a discovery protocol. In addition, the parties agree that all*

*documents, whether hard copy or ESI, will be produced in electronic format, and reserve their right to seek certain ESI in native format upon request. The parties are conferring on the details of the format for the electronic delivery of documents that can be loaded into their respective document review platforms.*

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: *The parties will meet and confer in good faith on any disagreements that may arise regarding ESI or discovery in general.*

If there are disputed issues specified above, or elsewhere in this report, then (check one):

____ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

_X_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from

any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately. Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

  X  Yes

____  No          Amended Certificate will be filed by _____ (party) on or before

_____ (date).

**B. Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See Local Rule 3.03 (f). The parties further agree as follows:*

*As set forth above, the parties agree that all documents, whether hard copy or ESI will be produced in electronic format, and reserve their right to seek certain ESI in native format upon request.  The parties are conferring on the details of the format for the electronic delivery of documents that can be loaded into their respective document review platforms.  In addition, the parties have agreed to service of all papers by electronic mail. For purposes of Fed.R.Civ.P. 5(b)(2)(E), the parties agree that service of a paper is complete when it is transmitted via e-mail to the party to be served by 11:59 p.m. (Eastern) on the date*

*such paper is due.*

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

*N/A*

2. Interrogatories

*N/A*

3. Document Requests

*N/A*

4. Requests to Admit

*N/A*

5. Supplementation of Discovery

*N/A*

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: *The parties agree to the discovery deadline set forth in the table above.*

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

*The parties agree that the 2010 Amended version of Fed.R.Civ.P. 24(b)(4)(B) & (C) relating to work-product protection of expert report drafts and communications will apply to this case. For the avoidance of doubt, the parties agree that draft reports, notes, or outlines of draft expert reports are exempt from discovery.*

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and

particularized need. *See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: *The parties will meet and confer in good faith to negotiate and agree on a confidentiality agreement, including provisions for protection of discovery materials.*

### G. Other Matters Regarding Discovery

*N/A*

## V. Settlement and Alternative Dispute Resolution.

### A. Settlement

The parties agree that settlement is

_____ likely  _X_  unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes _____ no _X_ likely to request in future _____.

### B. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes   _X_ no   _____ likely to agree in future

_____ Binding _____Non-Binding

### C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution:

*N/A*

Dated: September 4, 2015

/s/ Michael J. Colitz, III
Michael J, Colitz, III
Florida Bar No. 164348
GrayRobinson, P.A.
401 E. Jackson Street
Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
michael.colitz@gray-robinson.com
*Attorney for Plaintiff*

/s/ Taylor F. Ford
Taylor F. Ford
Florida Bar No. 0041008
Thomas A. Zehnder
Florida Bar No. 0063274
King, Blackwell, Zehnder &Wermuth, P.A.
PO Box 1631
Orlando, FL 32802
(407) 422-2427
(407) 648-0161 (facsimile)
tford@kbzwlaw.com
tzehnder@kbzwlaw.com

Noah Weissman, *admitted pro hac vice*
Joseph J. Richetti, *admitted pro hac vice*
Alexander D. Walden, *admitted pro hac vice*
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000
(212) 541-4630 (facsimile)
nmweissman@bryancave.com
Joe.richetti@bryancave.com
Alexander.walden@bryancave.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2015 I filed the foregoing with the Court's CM/ECF system which will send a Notice of Electronic Filing to all counsel of Record.

/s/ Michael J. Colitz, III
Michael J. Colitz, III

\54101255\10 - # 6011607 v2